# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KERRY SHEA PRICE, | |
| **Plaintiff,** | |
| v. | Civil Action No. 10-1865 (JDB) |
| UNION LOCAL 25, JOHN BOARDMAN, and LINDA MARTIN, | |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Kerry Shea Price ("plaintiff"), proceeding <u>pro se</u>, brings this action against

UNITE HERE Local 25 ("Local 25")[1] and two of its officers (collectively, "defendants"), alleging

that Local 25 failed to properly process plaintiff's grievance after he was terminated from his

position as a cook at the Jefferson Hotel.[2]  Currently before the Court is the motion to dismiss

filed by the two named union officers, defendants John Boardman and Linda Martin.  In their

motion, Boardman and Martin argue that dismissal of plaintiff's claims against them is warranted

because duty of fair representation claims like those asserted here can only be raised against a

---

[1] Plaintiff's complaint names "Union Local 25" as a defendant.  However, the correct name of the entity that plaintiff served is "UNITE HERE Local 25."

[2] In a related suit pending before this Court, plaintiff has brought claims stemming from the termination of his employment against DC CAP Hotelier, LLC (doing business as the Jefferson Hotel), as well as the Jefferson Hotel's owner and general manager.  <u>See</u> <u>Price v. DC CAP Hotelier, LLC</u>, Civ. A. No. 11-784 (D.D.C. filed Apr. 22, 2011).  Although plaintiff's complaint in that case purports to state claims for wrongful discharge, employment discrimination, and alleged violations of his Sixth Amendment rights, plaintiff has since attempted to re-style his claims, alleging that the hotel breached its collective bargaining agreement in violation of § 301 of the Labor Management Relations Act and denied him due process in violation of 42 U.S.C. § 1983.

union itself, not against its individual agents or officers. For the reasons set forth below, the Court will grant the motion to dismiss.

## BACKGROUND

On July 20, 2009, plaintiff was hired as a cook by the Jefferson Hotel in Washington, DC. Compl. ¶ 1 [Docket Entry 1]. Three months later, in October 2009, while setting up dinner for his fellow employees during a late-night shift, plaintiff asked each employee to take a reasonable share of the meal so that there would be enough food for everyone. Id. ¶ 4. One employee, apparently upset by plaintiff's request, began to verbally harass plaintiff. Id. ¶¶ 5-8. The employee then started to approach plaintiff, at which point a hotel security guard intervened. Id. ¶¶ 8-14. The hotel conducted an investigation of the incident, which culminated in a meeting between plaintiff and two of the hotel's human resources directors in November 2009. Id. ¶¶ 15-24. During the meeting, plaintiff requested that his "Shop Steward" be present, but he was told "that's not going to happen." Id. ¶¶ 20-21. Plaintiff was then terminated from his employment with the hotel, even though he had not had any prior disciplinary problems. Id. ¶¶ 23, 32. Plaintiff maintains that he never received any written or oral explanation as to why he was fired. Id. ¶ 25.

Shortly after his termination, plaintiff filed a grievance with Local 25. Id. ¶ 26. According to plaintiff, Local 25 failed to provide him with a copy of his grievance and failed to keep him informed of its investigation into the circumstances surrounding his termination. Id. ¶¶ 28-31. Specifically, plaintiff claims that the "Union Defendants never invited Plaintiff to take part" in "any of the steps regarding Plaintiff's grievance"; never provided plaintiff with information regarding their "meeting[s] with Hotel Officials," if any, to discuss plaintiff's

termination; and never gave plaintiff a written explanation as to why his grievance was not being pursued. Id. ¶¶ 28-29, 31.

On October 13, 2010, plaintiff filed this action in the Superior Court of the District of Columbia, requesting damages in the form of back pay and future earnings, as well as "reasonable Pro Se Attorney fees and costs." See id., Relief/Judgment at 7. Plaintiff's complaint did not, however, cite any statutory or common law cause of action. Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1331, on the ground that plaintiff's complaint, although lacking an express legal basis for relief, appears to allege a breach of the federal duty of fair representation that a labor union owes to its members, and therefore states a claim arising under federal law. See Notice of Removal [Docket Entry 1] at 2.

## DISCUSSION

Plaintiff does not frame his complaint in terms of any specific legal claim, but he appears to allege that Local 25 and its officers breached their duty of fair representation ("DFR") in handling his grievance. As an employee's exclusive bargaining representative, a union has a "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177 (1967); see also Plumbers and Pipe Fitters Local Union No. 32 v. NLRB, 50 F.3d 29, 31 (D.C. Cir. 1995) (explaining that "[t]he judicially-created duty of fair representation arises from the union's status as the exclusive bargaining representative of all employees in a bargaining unit"). This duty, "which is implied under the scheme of the National Labor Relations Act," see DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983), includes an obligation to enforce any grievance procedures in a collective

bargaining agreement between a union and an employer, see Vaca, 386 U.S. at 177, 190. Hence, "a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion." Id. at 191. Here, plaintiff has alleged that Local 25 processed his grievance in precisely such a manner, see Compl. ¶¶ 28-31, and he has expressly accused defendants of breaching their federal duty of fair representation in subsequent filings with the Court, see, e.g., Pl.'s Opp'n to Defs.' Ans. ("Pl.'s Resp.") [Docket Entry 4] at 4 (explaining that "as a result of not having a Shop Steward in place, at the time of Plaintiff's discharge meeting . . . Union Defendants breached it's [sic] Duty of Fair Representation"); Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") [Docket Entry 6] at 3 (arguing that as a result of "Defendant John Boardman and Defendant Linda Martin's failure of not having a Shop Steward in place, during Plaintiff's discharge meeting . . . said two Defendants breached their Duty of Fair Representation"). Accordingly, the Court will construe plaintiff's complaint as asserting a DFR claim against Boardman and Martin.[3]

Under Section 301(b) of the Labor Management Relations Act ("LMRA"), however, an individual union officer may not be held liable for money damages based on his actions undertaken as an officer of the union. See 29 U.S.C. § 185(b) (providing that "[a]ny money judgment against a labor organization . . . shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets"); Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 407 (1981) (concluding that the legislative history of 29 U.S.C. § 185 "clearly reveals Congress' intent to shield individual

---

[3] To the extent plaintiff seeks to bring identical state law claims based on the same conduct, those claims would be preempted by the federal DFR claim. See May v. Shuttle Inc., 129 F.3d 165, 179 (D.C. Cir. 1997) (holding that "the federal duty of fair representation preempts identical state law claims").

employees from liability for damages arising from their breach of . . . a collective-bargaining agreement, whether or not the union participated in or authorized the illegality"); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-48 (1962) (explaining that "when Congress passed [§] 301, it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy"); Califano v. Stefan, 376 F.3d 156, 160 (3d Cir. 2004) (stating that "a damage claim may not be maintained against an individual union officer even if the individual's conduct was unauthorized by the union and was in violation of an existing bargaining agreement"); Morris v. Local 819, Int'l. Bhd. of Teamsters, 169 F.3d 782, 784 (2d Cir. 1999) (noting that "[t]he Supreme Court has long held that 'union agents' are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process").

DFR claims are, by their very nature, "based solely on [a union officer's] acts as an officer of the Union representing its membership." Butler v. Potomac Elec. Power Co., Civ. A. No. 03-0946, 2004 WL 4972367, at *9 (D.D.C. Aug. 25, 2004). And because a union officer "cannot be held personally liable for alleged violations of a collective bargaining agreement or to third parties for acts performed on the Union's behalf," id., courts in the D.C. Circuit have uniformly dismissed DFR claims for damages when they are brought against individual union agents or officers. See id.; see also McMickle v. Aragon, 736 F. Supp. 2d 129, 129 (D.D.C. 2010) (dismissing pro se plaintiff's DFR claim against a union representative on the ground that "a plaintiff can bring a fair representation claim for damages against only the union itself").

Boardman and Martin are identified on the face of plaintiff's complaint as officers of Local 25, and all of plaintiff's allegations against them are based on their status as union officers.

See Compl. ¶¶ 28-31.  Indeed, plaintiff does not allege that he had any personal interaction whatsoever with either Boardman or Martin.  Plaintiff also has not sought injunctive relief, only damages.  See id. at p. 7.  Because DFR claims for damages cannot be maintained against individual union agents or officers, plaintiff's DFR claim against Boardman and Martin must be dismissed.  See McMickle, 736 F. Supp. 2d at 129; see also Atkinson, 736 F. Supp. 2d at 249.

In his opposition to defendants' motion to dismiss and in his "opposition to defendants['] answer," plaintiff appears to assert additional claims against defendants pursuant to 42 U.S.C. § 1983, alleging that his procedural due process rights under the Fifth and Fourteenth Amendments were violated by defendants' failure to have "a Shop Steward in place" and to conduct "his discharge meeting before an impartial tribunal."  Pl.'s Resp. at 3; see also Pl.'s Opp'n at 2-3. These claims do not appear in the complaint, nor has plaintiff sought leave to amend his complaint to include them.  Nevertheless, assuming arguendo that these claims are properly before the Court, see, e.g., Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002) (noting that "[w]e must also examine other pleadings to understand the nature and basis of [plaintiff's] pro se claims"); Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006) (explaining that, "consistent with the leniency afforded pro se plaintiffs, the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernible"), they, too, cannot survive Boardman and Martin's motion to dismiss.

To begin with, "[t]here is a requirement of state action on the part of the alleged wrongdoer in order for liability to attach under Section 1983."  Chandler v. W.E. Welch & Assocs., Inc., 533 F. Supp. 2d 94, 103 (D.D.C. 2008).  Here, Boardman and Martin are private individuals who were not acting "under color of" law when they allegedly denied plaintiff the

presence of a "Shop Steward" during his discharge meeting.  Given the absence of state action,

section 1983 is inapposite.  Moreover, section 1983 "does not create substantive rights," but

merely "provides a federal remedy when an individual is deprived of rights that are protected by

federal law."  Id.  As an employee of a private institution, however, plaintiff had no constitutional

due process rights in his continued employment at the Jefferson Hotel.  See, e.g., Harris v.

Ladner, 127 F.3d 1121, 1125 (D.C. Cir. 1997) (dismissing claims against Howard University

where plaintiff "failed to show the necessary level of governmental involvement . . . to allow the

court to find that Howard University, a private institution, should be held to the constraints of the

Fifth and Fourteenth Amendments" (internal quotation marks and citation omitted)); see also

Chandler, 533 F. Supp. 2d at 103 (dismissing pro se plaintiff's constitutional claims based on his

alleged termination without warning by a private employer where "[t]he conduct of which

plaintiff complains was private conduct, not state action").  Hence, to the extent that plaintiff

seeks to bring section 1983 claims against Boardman and Martin based on their alleged

violations of his constitutional due process rights, those claims must also be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss Boardman and Martin as defendants in

this action will be granted.  A separate order has been posted on this date.


_____
/s/
JOHN D. BATES
United States District Judge

Dated: June 1, 2011